UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CARL L. CAFFEY and
CYNTHIA C. CAFFEY

CIVIL ACTION NO. 6:10-cv-1545

VERSUS

JUDGE DOHERTY

DEPUTY LONIS D. DOMINGUE,
SR., in his Individual and Official
Capacities, and SHERIFF WAYNE
A. MELANCON, in his official
Capacity as the Sheriff of Acadia Parish

MAGISTRATE JUDGE HANNA

## RULE 7(a) HEIGHTENED PLEADING REVIEW

In this civil rights lawsuit, brought under § 1983 and § 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, the plaintiffs have sued defendants, Sheriff Wayne A. Melancon and Deputy Lonis D. Domingue, Sr. Sheriff Melancon was sued only in his official capacity. Deputy Domingue was sued in both his official capacity and his individual capacity. In their answer, the defendants pleaded qualified immunity. The undersigned has, therefore, conducted an evaluation of the plaintiffs' complaint to determine whether it meets the applicable heightened pleading requirement.[1]

---

[1] See *Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

The claims asserted by the plaintiffs against Sheriff Melancon were claims based solely on the Sheriff's actions in his official capacity not in his individual capacity. Therefore, he is not entitled to a qualified immunity defense,[2] and this review applies only to the claims asserted against Deputy Domingue in his individual capacity, as no heightened standard is allowed for actions against individual defendants in their official capacities.[3]

After review, the undersigned concludes that the plaintiffs have supported their claims against Deputy Domingue "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts."[4] They allege that, around noon time on Friday, October 16, 2009, Deputy Domingue stopped plaintiff Carl L. Caffey from performing his managerial duties at his trailer park by unlawfully seizing and arresting him without probable cause and without an arrest warrant, handcuffing him with his hands behind his back, and using excessive force by handcuffing him in such a way that Mr. Caffey's right

---

[2] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *Stidham v. Texas Com'n on Private Sec.*, 418 F.3d 486, 490 (5th Cir. 2005); *Jackson v. Galan*, 868 F.2d 165, 168 (5th Cir. 1989).

[3] *Baker v. Putnal*, 75 F.3d at 195.

[4] *Schultea v. Wood*, 47 F.3d at 1434.

wrist was badly injured, requiring surgery and physical therapy and making it impossible for him to return to work as a truck driver.

Although the court may later determine the facts in favor of the defendants, the sole issue presented here is whether the plaintiffs have satisfied the heightened pleading requirement of *Shultea v. Wood*. The undersigned concludes that they have. Accordingly, the undersigned concludes that there is no need for an order banning or limiting discovery with regard to the plaintiffs' claims against the defendants, and the case should proceed in accordance with the existing Scheduling Order (Rec. Doc. 6).

Signed in Lafayette, Louisiana, this 22nd day of February, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)