UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CARL L. CAFFEY, ET AL.             CIVIL ACTION NO. 6:10-cv-001545

VERSUS                             MAGISTRATE JUDGE HANNA

LONIS D. DOMINGUE, SR., ET AL.     BY CONSENT OF THE PARTIES

## MEMORANDUM  RULING

Currently pending before the court is the motion for partial summary judgment filed by the plaintiffs, Carl L. Caffey and Cynthia C. Caffey.  (Rec. Doc. 57).  The motion is opposed, and oral argument was held on March 22, 2018.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## Background

In this lawsuit, Mr. and Mrs. Caffey claim that Mr. Caffey sustained serious injuries when he was handcuffed by Acadia Parish Sheriff's Deputy Lonis Domingue after being arrested on October 16, 2009.  The Caffeys own a trailer park, located on land adjacent to their home.  One of their tenants, Caroline Eaglin, was moving her trailer out of the trailer park, and Mr. Caffey was concerned that moving the trailer would damage his property.  Ms. Eaglin's daughter called the Acadia Parish Sheriff's Office and complained that Mr. Caffey was harassing her mother.  Deputy Domingue, who had responded to a prior call involving Mr. Caffey and Ms. Eaglin, arrived at the scene, arrested Mr. Caffey for disturbing the peace and public intimidation of a police

officer, handcuffed Mr. Caffey, and took him to the Sheriff's Office. The plaintiffs claim that Deputy Domingue lacked probable cause to arrest Mr. Caffey for anything, they claim that he was unlawfully seized, and they claim that excessive force was used in applying the handcuffs during the arrest. The plaintiffs claim that Deputy Domingue applied the handcuffs too tightly, that he failed to double-lock them (which would have prevented them from tightening up while being worn), and that he failed to loosen the handcuffs when Mr. Caffey complained that they were too tight. Deputy Domingue, however, does not recall whether he double-locked the handcuffs nor does he recall Mr. Caffey complaining that the cuffs were too tight. It is undisputed that the handcuffs injured Mr. Caffey's right wrist.

ANALYSIS

A.    **THE SUMMARY JUDGMENT STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[1]  A genuine issue of material fact exists if a reasonable jury

could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing

the court of the basis for its motion and identifying those parts of the record that

demonstrate the absence of genuine issues of material fact.[3]  If the moving party

carries its initial burden, the burden shifts to the nonmoving party to demonstrate the

existence of a genuine issue of a material fact.[4]  All facts and inferences are construed

in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the

burden of proof at trial, the moving party may satisfy its burden by pointing out that

there is insufficient proof concerning an essential element of the nonmoving party's

---

[1]      *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2]      *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3]      *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[4]      *Washburn v. Harvey*, 504 F.3d at 508.

[5]      *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

claim.[6]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.    THE STANDARD FOR EVALUATING A SECTION 1983 CLAIM**

The plaintiffs brought their claims under 42 U.S.C. §§ 1983 and 1988 as well as under Louisiana law.  Section 1983 provides a cause of action against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's Constitutional rights.  Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[8]  To state a section 1983 claim, a plaintiff must:  (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[9]  In this case, the defendants do not contest whether Deputy Domingue acted under color of law at any relevant time, but they do challenge whether his actions or omissions are Constitutional violations.

---

[6]    *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7]    *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8]    *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[9]    *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

## C.    GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT

As a pretrial detainee, Mr. Caffey had a Fourteenth Amendment due process right to be free from excessive force.[10] The law is clearly established that a law enforcement officer's use of excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen violates that citizen's constitutional rights.[11] To succeed on an excessive force claim, a plaintiff bears the burden of showing (1) an injury (2) that resulted directly and only from the use of force that was excessive to the need and (3) that the force used was objectively unreasonable.[12] Although it is no longer necessary for a plaintiff to establish that he sustained a significant injury, a plaintiff is required to establish that he sustained at least some form of injury that is more than *de minimis* when evaluated in the context in which the force was deployed.[13] This proposition was very recently clarified by the Fifth Circuit on April 12, 2018:

> The district court concluded that Sam's injuries were de minimis and therefore could not support an excessive force claim. This was error. In *Alexander v. City of Round Rock*, we reversed dismissal of an excessive force claim. 854 F.3d 298, 310 (5th Cir. 2017). In doing so, we

---

[10]    *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("It is clear. . . that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *Valencia v. Wiggins*, 981 F.2d 1440, 1445 (5th Cir. 1993).

[11]    *Graham v. Connor*, 490 U.S. at 394-95.

[12]    *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *Goodson v City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000); *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

[13]    *Glenn v. City of Tyler*, 242 F.3d at 314.

explained that even insignificant injuries may support an excessive force claim, as long as they result from unreasonably excessive force:

> Although a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is directly related to the amount of force that is constitutionally permissible under the circumstances. *Any* force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only. Consequently, only one inquiry is required to determine whether an officer used excessive force in violation of the Fourth Amendment. In short, as long as a plaintiff has suffered some injury, even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force.

*Id*. at 309 (quotation marks, citations, and modifications omitted). Viewing the facts and evidence in the most favorable light, Sam's alleged injuries—which include minor bleeding—meet *Alexander's* "some injury" test. See, e.g., *Bone v. Dunnaway*, 657 Fed.Appx. 258, 262 (5th Cir. 2016) ("Although Bone's allegation of injury could be characterized as de minimis—bruising and a swollen cheek—whether an injury is cognizable depends on the reasonableness of the force, not just the extent of injury."); *Schmidt v. Gray*, 399 Fed.Appx. 925, 928 (5th Cir. 2010) (pain, soreness, and bruising resulting from an officer's slamming a car's trunk lid on a suspect's finger was a legally cognizable injury); *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) ("dizziness, loss of breath, and coughing" caused by choking was sufficient injury to assert constitutional violation).

*Sam v. Richard,* 2018 WL 1751566 *2, –F.3d. – , (5th Cir. 2018).

Therefore, the issue before the Court is not necessarily the degree of injury, as it is clear Mr. Caffey did sustain "any" injury, the issue is whether the force used was objectively unreasonable. In the Fifth Circuit, "handcuffing too tightly, without more,

does not amount to excessive force."[14]  However, there are cases in which the way that an arrestee was handcuffed has been found sufficient to support an excessive force claim.  These include cases when the handcuffs caused deep cuts, permanent scarring, and nerve injury;[15] when the handcuffs were applied so tightly as to cause long-term nerve damage that was severe enough to require four surgeries,[16] or when a detainee was handcuffed too tightly without justification for a significant period of time despite complaints, leading to serious and permanent injury.[17]

While Mr. Caffey's wrist injury, assuming the medical evidence as true since it was largely uncontested, can support a claim for excessive force, there are other genuinely disputed factual issues that preclude summary judgment in the plaintiffs' favor with regard to the excessive force.  There are disputes concerning whether Deputy Domingue double-locked the handcuffs and whether Mr. Caffey complained about how tightly the handcuffs were applied.  The Fifth Circuit has found that factual disputes concerning those two specific issues are sufficient to preclude

---

[14]    *Glenn v. City of Tyler*, 242 F.3d at 314.

[15]    *Dominguez v. Moore*, 149 Fed. App'x 281, 283 (5th Cir. 2005).

[16]    *Deville v. Marcantel*, 567 F.3d 156, 168 (5th Cir. 2009).

[17]    *Heitschmidt v. City of Houston*, 161 F.3d 834, 839-40 (5th Cir. 1998).

summary judgment.[18]   Accordingly, the plaintiffs are not entitled to summary judgment with regard to the excessive force claim.[19]

Having found that the plaintiffs are not entitled to summary judgment on their excessive force claim, it is not necessary for this Court to decide, whether the plaintiffs are entitled to summary judgment on their state law claims for false arrest and excessive force.

## CONCLUSION

For the foregoing reasons, this Court finds that there are genuinely disputed issues of material fact that preclude summary judgment in the plaintiffs' favor. Accordingly, their motion for partial summary judgment (Rec. Doc. 57) is DENIED.

Signed at Lafayette, Louisiana, this 23rd  day of April 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[18]     See, e.g., *Deville v. Marcantel*, 567 F.3d at 169 ("While the officers claim that she did not complain about being cuffed too tightly and [the defendant] claims he used his finger to 'double lock' the cuffs, the injuries [the plaintiff] sustained as well as her testimony that [the officer] did not perform the double-lock procedure create genuine issues as to these material facts.").

[19]     The Court is cognizant of the fact that there is a significant issue whether there was probable cause for the arrest on the charged offenses, however, that necessarily contemplates a credibility determination from the arresting officer's testimony, and therefore, is not proper at the summary judgment stage.